## BROWN vs. PEEVEY.

It is not matter in abatement, that the tax, and issuing fees of the writ, were not paid before it issued.

If the clerk suffers the writ to go out without payment of the tax and fees, it is at his own personal risk.

Lewis & Spurlock *vs.* The State Bank.

THIS was an action of Replevin, determined in the Yell Circuit Court, in April, 1842, before the Hon. RICHARD C. S. BROWN, one of the Circuit Judges. Peevey, the defendant, pleaded, in abatement, that the tax, and issuing fees of the writ, were not paid by the plaintiff, when the writ issued. Demurrer to this plea overruled, and final judgment for defendant.

*Blackburn,* for the plaintiff in error.

*By the Court,* DICKINSON, J. It is perfectly evident that the Court below erred in overruling the plaintiff's demurrer to the defendant's plea in abatement, and rendering final judgment in the case. Whether the plea in abatement is properly sworn to or not, is wholly immaterial, as the matter set up no defence to the writ. It is true, the statute authorizes the clerk to withhold the writ, unless the party applying for it pays the tax. But, when it has been once issued, the failure to pay for the writ certainly cannot constitute a ground of defence. If the clerk suffers the writ to go out without payment of the tax and issuing fee, he does so at his own personal risk.

Judgment reversed.